DENNIS J. HERRERA – 139669
CITY ATTORNEY
Robert S. Maerz – 111796
Timothy B. McCormick – 130257
Airport General Counsel
San Francisco City Attorney's Office, Airport Division
P.O. Box 8097
International Terminal, North Shoulder Building, 5th Floor
San Francisco, CA 94128-8097
Telephone: (650) 821-5088/ Facsimile: (650) 821-5086
e-mail: Timothy.McCormick@sfgov.org

WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
H. James Wulfsberg – 046192
Timothy A. Colvig - 114723
Kris A. Cox - 136504
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone: (510) 835-9100
Facsimile: (510) 451-2170
e-mail: KAC@wulfslaw.com

Attorneys for Plaintiff
City and County of San Francisco

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, A California Municipal Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Corporation, BOMBARDIER TRANSPORTATION (HOLDINGS) USA, INC., a Delaware Corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | No. C 04-5307 PJH <br><br> **STIPULATION TO EXTEND DEADLINES FOR FILING OF SUMMARY JUDGMENT MOTION AND REQUEST FOR ORDER** |

1. Plaintiff City and County of San Francisco ("CCSF"), Defendant Factory Mutual Insurance Company ("FMIC") and Defendant and Counterclaimant Bombardier Transportation (Holdings) USA, Inc. ("Bombardier") hereby stipulate as follows and request an Order as set forth below:

1. At the hearing on March 15, 2006, before this Court, the Honorable Phyllis Hamilton presiding, on Bombardier's Motion to Sever and CCSF and FMIC's Cross-Motions for Summary Judgment, this Court denied the Cross-Motions without prejudice, and denied the Motion to Sever. This Court further ordered:

> a.) That the parties shall have until June 14, 2006, to engage in limited discovery on the issues raised in CCSF's and FMIC's Cross-Motions for Summary Judgment and in the Sixth Cause of Action in the Second Amended Complaint, in which CCSF seeks a declaration that Bombardier's recovery against CCSF, if any, cannot exceed any amount CCSF receives from FMIC under FMIC Policy No. UR 495; and
>
> b.) That the parties shall file any motion for summary judgment relating to the issues/claims in 1(a) above only, no later than July 19, 2006, to be heard and briefed in accordance with the Civil Local Rules.

2. The parties have been diligently attempting to prepare a revised joint stipulation of undisputed facts as respects the issues set forth in the previous Cross-Motions for Summary Judgment. Counsel have been regularly meeting and conferring. CCSF and FMIC have also provided each other with substantial additional documentation and information relating to these issues and Bombardier has recently made additional information/documentation available. The parties are also actively seeking further information from third-parties. However, based upon a review of the documentation produced, the information provided, and the discussions among counsel as to the substance of the cross-motions for summary judgment, the parties share the opinion that they are unable to proceed with the filing of any summary judgment motions within the present schedule set by the Court as additional information and discovery from each other as well as from third parties is required. CCSF and Bombardier also have determined that the facts relevant to the issues presented by the cross-motions are more complex and involved than

previously presented and that a further inquiry into the negotiation and underwriting of the insurance policy at issue is required.  Moreover, CCSF and Bombardier have determined that additional stipulated facts of a complicated and technical nature must be developed and agreed upon before any renewed cross-motion can be presented.  Developing those facts will require significant additional analysis, investigation, and discovery.

3. The parties understand that the Court's Order to open discovery was intended to provide Bombardier with the opportunity to evaluate its position on the issues and present that position in the anticipated motions, if desired, without prejudice to the other parties' right to object to Bombardier's standing to present its position on coverage issues. .

4. The parties have agreed to depose several (as many as ten) "person most knowledgeable" witnesses on these complex technical issues and insurance matters.  The witnesses, many of whom are not currently affiliated with any party, primarily reside out of the state of California. Each witness will require significant preparation to be able to submit to a meaningful deposition.  The parties anticipate that these limited depositions can be concluded by September 29, 2006.

5. The parties, therefore, stipulate to the following modification to the Court's March 17, 2006 Order, and respectfully request that the following Order be issued in lieu thereof:

   a.) That the parties shall have until September  29, 2006, to engage in limited discovery on the two issues raised in CCSF's and FMIC's previous Cross-Motions for Summary Judgment, and on the issues raised by  the Sixth Cause of Action in the Second Amended Complaint; and

   b.) That any motion for summary judgment shall be filed no later than October 23, 2006, with a hearing date to be set by the court, in accordance with the Civil Local Rules, and that any such motions shall be limited to the issues raised in the previously-filed cross-motions, and/or to the issue as to whether Bombardier's recovery, if any, against CCSF  should be limited to the amount of any recovery awarded to CCSF under the FMIC policy as set forth in the Sixth Cause of Action in the Second Amended Complaint.

6.     Kris A. Cox, counsel for Plaintiff, hereby attests that he has on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

**SO STIPULATED:**

Dated: July 5, 2006      WULFSBERG, REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION

By:      /s/ Kris A. Cox
Kris A. Cox
Attorneys for Plaintiff, City and County of
San Francisco

Dated: July 5, 2006      CARLSON, CALLERDINE &
PETERSON, LLP

By:      /s/ Joyce Wang
Joyce Wang
Attorneys for Defendant Factory Mutual
Insurance Company

Dated: July 5, 2006      SONNENSCHIEN NATH AND
ROSENTHAL LLP

By:
By:      /s/ Gayle M. Athanacio
Gayle M. Athanacio
Attorneys for Defendant Bombardier
Transportation (Holdings) USA, Inc.

1  It is hereby ordered that the Court's Order of March 17, 2006, be modified so that:

2  1.  The parties shall have until September 29, 2006, to engage in limited discovery on the

3  issues raised previously in CCSF's and FMIC's Cross-Motions for Summary Judgment and

4  on the issues raised by the Sixth Cause of Action in the Second Amended Complaint; and

5  2.  Any motion for summary judgment shall be filed no later than October ~~29~~ 25, 2006, and shall

6  be noticed for hearing on _____, ~~2006~~ November 29, 2006, in accordance with the Civil Local Rules, and

7  that the motion shall be limited to the issues raised in the previously-filed cross-motions

8  and/or to the issue of the extent to which Bombardier's recovery, if any, against CCSF

9  should be limited to the amount of any recovery awarded to CCSF under the FMIC policy

10  as set forth in the Sixth Cause of Action in the Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: July __10__, 2006



Judge Phyllis J. Hamilton