UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, A California Municipal Corporation<br><br>          Plaintiff,<br><br>vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Corporation,<br><br>          Defendants. | CASE NO.:   C 04-5307 ~~FMS~~ PJH<br><br>**AMENDED PROTECTIVE ORDER ~~[PROPOSED]~~** |

WHEREAS, this Court previously entered a protective order governing the use and production of documents by Defendant Factory Mutual Insurance Company ("FMIC") to Plaintiff City and County of San Francisco ("CCSF");

WHEREAS, since entry of that Order, Bombardier Transportation (Holdings) USA, Inc. ("Bombardier") has been brought in as a party;

WHEREAS, prior to Bombardier being joined in this action, CCSF produced documents and provided information which Bombardier asserts reflect Bombardier's confidential and/or trade secret information;

WHEREAS, Bombardier filed a Motion for Protective Order to govern the prior and anticipated production and use of information and documents which may reflect its confidential, proprietary, and/or trade secret information, which motion was unopposed;

WHEREAS, good cause appearing therefore,

IT IS HEREBY ORDERED:

1. This Order shall govern any testimony given at any deposition, as well as all documents, things, responses to interrogatories or requests for admission, and other required disclosures of information that are produced by any party to this action or by non-parties (whether informally or pursuant to any discovery obligation imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or by any other rule or law) and any copies, abstracts, excerpts, summaries, analyses, or other related materials (whether in written form or otherwise) that contain, reflect, or disclose information contained in testimony or discovery materials (collectively, "Discovery Material"). This Order does not govern the use of Discovery Material at trial or other court hearings in this case; such use shall be governed by a separate protective order or other procedure agreed by the parties, or as ordered by the Court.

2. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if that Party reasonably and in good faith believes that the disclosure of such Discovery Material would result in the disclosure of confidential information. As a general guideline, information or materials designated as "CONFIDENTIAL" shall be that information or material that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Examples of such information or materials include materials a party reasonably and in good faith believes contain or disclose information that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential. Absent a specific order by this Court, once designated as "CONFIDENTIAL," such designated information shall be used by the parties solely in connection with this litigation, and not for any other litigation, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" if that party reasonably and in good faith believes that such Discovery Material constitutes extremely sensitive "CONFIDENTIAL" information whose disclosure to another party or non-party would create a substantial risk of

serious injury that could not be avoided by less restrictive means. Absent a specific order by this Court, once designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. The party seeking protection under this Order shall have the burden to invoke protection under this Order by giving notice, in the manner set forth below, of the Discovery Material to be protected by this Order. If another party, including any third party, produces or provides the Discovery Material, that third party or the party whose confidential information is being disclosed shall have the burden to invoke protection under this Order by giving notice, in the manner set forth below, of the Discovery Material to be protected by this Order. A party may invoke protection under this Order of Discovery Material produced in this matter prior to entry of this Order, including Discovery Material subject to the Court's Protective Order dated August 22, 2005, by giving notice, in the manner set forth below, of the Discovery Material to be protected by this Order. The duty of any other party or person to maintain confidentiality under the terms of this Order shall commence with the receipt of such notice.

5. Documents produced that contain confidential information as set forth above may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" at the time of production by the Producing Party or producing third party or at that time any other party indicates its desire to copy a document containing such information. Documents shall be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," as appropriate, on each page containing any confidential information or material at the time such documents are produced or copied for another party. Documents may be designated "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" thereafter as soon as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected under this Order, provided, however, no liability or sanction shall arise or be imposed for any disclosure by the receiving party before such post-production designation to

1  those not authorized to view the materials under the Order after such post-production
2  designation. Documents produced by CCSF and copied by FMIC which reflect information from
3  or about Bombardier shall be presumed "CONFIDENTIAL" and be treated as such by all parties.
4  Documents may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
5  ATTORNEY EYES ONLY" by any other method by mutual agreement of the parties.

    6. If it becomes necessary for any party to include matters deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" in answers to interrogatories or requests for admissions, the pages containing such interrogatory answers or admissions shall be marked prominently with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," as the case may be.

    7. For testimony given in deposition, the party whose information or documents are being disclosed shall identify on the record, before the close of the deposition, any portion or portions of the testimony to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY." When it is impractical to identify separately each portion of the deposition to be designated, or when it appears that substantial portions of the testimony may qualify for designation, that party shall invoke on the record, before the deposition is concluded, a right to have up to twenty (20) days after receipt of the transcript to identify the specific portions of the testimony to be designated (by page and line or other specific reference) and the designations therefore. Only those portions of the testimony that are appropriately designated within the twenty (20) day period shall be covered by the provisions of this Order. All copies of a transcript containing deposition testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" shall be marked accordingly. The time limitations set forth above shall not apply to depositions taken in this matter prior to entry of this Order.

    8. With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY EYES ONLY" and any representative of a party (or any other

-4-
Amended Protective Order [Proposed]    Case No.: C 04-5307 FMS

person) is in attendance at the deposition who is not a party to whom disclosure of such information is permitted pursuant to this Order, and such representative is not the witness being examined, such representative shall be excluded from those portions of the proceeding during which disclosure of the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," as the case may be, occurs.

9. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify— so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or nonparty must promptly notify all other parties that it is withdrawing the mistaken designation.

10. Except as may be permitted by prior written consent of the producing or designating party or by prior order of the Court, access to all Discovery Material designated as "CONFIDENTIAL" and subject to this Order shall be limited to (a) the producing or designating party; (b) the parties' respective outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation; (c) employees and in-house counsel of each party whose assistance is needed by counsel for the purposes of this litigation, and their partners, associates, summer associates or clerks, and other regularly employed office attorneys, paralegals or staff who are assisting with this action; (d) any person who is being prepared to testify in the reasonable and good faith belief of counsel that such person will be a witness in this action and that his or her preparation with respect to the document is necessary in connection with such testimony ("Prepared Testifying Witness"); (e) any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in

1  this case; (f) third party contractors, including their employees and agents, involved solely in one
2  or more aspects of organizing, filing, copying, coding, converting, sorting, translating, or
3  retrieving data or designing programs for handling data connected with this action, including the
4  performance of such duties in relation to a computerized litigation support system; (g) any expert
5  or consultant who has been retained to provide technical advice and/or consultation in connection
6  with the preparation and/or trial of this action, and/or jury or trial consultants retained by counsel
7  for a party; and (h) the Court, including its clerks, reporters and staff.  Before disclosure of
8  information designated as "CONFIDENTIAL" to persons described in sections (d), (f) and (g)
9  above, such persons shall read this Order and execute a copy of the attached Acknowledgment
10 (Exhibit A).  The original of each Exhibit A executed pursuant to this Order shall be retained by
11 counsel for the party who obtained it.  At the conclusion of this litigation, or earlier upon a
12 showing of good cause, copies of executed Acknowledgments shall be provided to counsel for
13 the party whose CONFIDENTIAL information was disclosed.
14         11.     Except as may be permitted by prior written consent of the producing or
15 designating party or by prior order of the Court, access to all Discovery Material designated as
16 "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" and subject to this Order shall be
17 limited in the same manner as "CONFIDENTIAL" as set forth in paragraph 10 above, provided,
18 however, that should any party wish to disclose Discovery Material designated "HIGHLY
19 CONFIDENTIAL-ATTORNEY EYES ONLY" to any person defined by categories (d) and (g)
20 in paragraph 10 above who:
21         • is or has within the last three (3) years been a director, officer, employee, or
22 business associate of a competitor of Bombardier (as set forth in a list which has been provided
23 to counsel separately); or
24         • is or has within the last three (3) years been personally involved as a consultant
25 or independent contractor to such a competitor on a matter involving a light rail project or related
26 components such as signaling systems, or involving the subject matter of light rail or related
27 subcomponent manufacturing, installation, or operations; or
28         • has any present intent of personally becoming so affiliated with a listed

-6-
Amended Protective Order [Proposed]                Case No.: C 04-5307 FMS

1 competitor,

2 that party shall notify Bombardier's counsel in writing of the name and present affiliation of the
3 person to whom it intends to disclose such 'HIGHLY CONFIDENTIAL-ATTORNEYS EYES
4 ONLY' material. Bombardier shall then have five (5) business days in which to object to the
5 disclosure and file a motion to preclude or limit disclosure. "HIGHLY CONFIDENTIAL-
6 ATTORNEYS EYES ONLY" information shall include, but is not limited to, drawings,
7 schematics and design documents. Highly Confidential information does not include
8 correspondence, daily logs and similar documents reflecting the inspection or tests investigation
9 relating to the 2002 accident at issue in this litigation, except to the extent those documents
10 include drawings, schematics and design documents.

11     11.1    If an individual has been the recipient, from a party representative or its
12 counsel, of disclosed HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY information, that
13 individual shall not disclose the contents of the HIGHLY CONFIDENTIAL-ATTORNEY EYES
14 ONLY information to anyone, without prior actual notice to and consent of the party designating
15 that information as HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY information, except
16 as otherwise provided herein.

17     12.    Designated Discovery Material also may be shown at a deposition to non-
18 party witnesses and to their respective counsel and may be marked as exhibits to depositions,
19 provided that all of the following conditions are satisfied:

20     12.1    Discovery Material designated as "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be attached to any copies of deposition
22 transcripts provided to non-party witnesses (except persons authorized to receive such materials
23 under this Order);

24     12.2    Discovery Material designated as "CONFIDENTIAL" shall not be shown to
25 a non-party witness unless the party showing such Discovery Material to the non-party witness
26 believes in good faith that (i) such witness has specific information regarding the Discovery
27 Material or events reflected in the Discovery Material, (ii) that the Discovery Material would
28 refresh the recollection of the witness regarding the Discovery Material or events as to which the

witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness; and

      12.3    Discovery Material designated as "HIGHLY CONFIDENTIAL ATTORNEY EYES ONLY" shall not be shown to a non-party witness unless, the non-party witness is (i) a person who authored or received the material designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," or (ii) pursuant to the terms of Paragraphs 10 and 11.

      12.4    Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be shown to a non-party witness unless the examining party advises the witness of this Order and the witness signs the Acknowledgment attached as Exhibit A to this Order.

      12.5    Any party who in good faith believes it may seek to disclose or use 'HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY' information or documents at a deposition shall, prior to the deposition, notify Bombardier's counsel what potential 'HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY' information or documents it seeks to disclose or use so that the parties may attempt to resolve any potential issues regarding its disclosure or use prior to the deposition. To the extent no agreement can be reached prior to the deposition regarding the disclosure or use of "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information or documents , the deposition may go forward without the disclosure or use of such potential 'HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY' information or documents, subject to the deposition being resumed after the hearing on the motion to address the 'HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY' information or documents. Bad faith or frivolous designations and bad faith or frivolous objections to designations may be subject to appropriate sanctions as determined by the Court.

      13.    All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" information and material covered by this Protective Order shall be kept in a manner in which to prevent unauthorized access.

      14.    No party shall be obligated to challenge the propriety of the designation of

any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such Discovery Material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

15. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" by someone other than that party, the party shall give prompt written notice, prior to actual production, to the party, including its counsel, who produced or designated the information or material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," shall furnish the producing party with a copy of said subpoena or other process or order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

16. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on material designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY"; provided, however, that in rendering such advice counsel shall not disclose, reveal, or describe the content of any material so designated except insofar as allowed (if allowed at all), under the terms of this Order.

17. Entering into, agreeing to, and/or producing or receiving information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY," or otherwise complying with the terms of this Protective Order shall not:

  17.1 operate as an admission by any party that any particular information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  17.2 operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY";

  17.3 prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

  17.4 prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order; or

  17.5 prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

  18. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" obtained lawfully by such party independently of any proceedings in this action, or which:

  18.1 was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

  18.2 is or becomes publicly known through no fault or act of such party; or

  18.3 is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

  19. Except as provided herein with regard to CCSF's prior production of

Bombardier documents and information, the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" shall not create a presumption that such material is in fact confidential or trade secret.

20. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

21. A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must reasonably attempt to begin the process by conferring directly (in voice to voice dialogue) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

22. A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

23. The parties may stipulate in writing to exceptions to this Order, provided however that the stipulation may not affect the protections provided to Discovery Material designated by a third party without the written consent of the third party as well.

24. The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party. Notwithstanding the foregoing, Counsel described in paragraph 10 above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

25. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery in this action. Nonetheless, each of the parties shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party for good cause.

26. ~~This Order shall survive the final termination of this action unless otherwise agreed in writing by the parties or ordered by the Court. The Court shall have jurisdiction to enforcement the agreement upon motion of the party or third party who is aggrieved by any violation of this Order~~. PH

27. This Order is without prejudice to the rights of any party to apply to this Court for relief from any of its provisions or to seek or agree to different or additional protection for any particular Discovery Material.

28. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement by the parties or

-12-
Amended Protective Order [Proposed]     Case No.: C 04-5307 FMS

1 by the Court.

3 DATED: Oct. 16, 2006

_____
UNITED STATES DISTRICT JUDGE

-13-
Amended Protective Order [Proposed]     Case No.: C 04-5307 FMS

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Amended Protective Order (the "Order") entered on _____, 2006 in the matter entitled *CITY AND COUNTY OF SAN FRANCISCO v. FACTORY MUTUAL INSURANCE COMPANY, et al.*, United States District Court for the Northern District of California (the "Court"), Case No. C 04-5307 FMS, have read and understand the Order, and agree to be bound by all its provisions. My business/residence address is _____
_____.

I hereby consent to personal jurisdiction over me by the Court for purposes of enforcing the Order. I hereby appoint _____ (print or type name), at _____ (print or type address), as my California agent for service of process in connection with this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 2006, at _____.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000