United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY & COUNTY OF SAN FRANCISCO

    Plaintiff,

    v.

FACTORY MUTUAL INSURANCE COMPANY, et al.,

    Defendants.
_____

AND RELATED COUNTERCLAIMS
_____/

No. C 04-5307 PJH

**ORDER DENYING CCSF'S AND FMIC'S MOTIONS FOR PARTIAL SUMMARY SUMMARY JUDGMENT AND GRANTING BOMBARDIER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The motions for partial summary judgment filed by plaintiff City and County of San Francisco ("CCSF"), defendant Factory Mutual Insurance Company ("FMIC"), and defendant Bombardier Transportation (Holdings) USA, Inc. ("BT" or "Bombardier") came on for hearing before this court on November 29, 2006.  Plaintiff appeared by its counsel Timothy A. Colvig and Kris A. Cox, FMIC appeared by its counsel Joyce Wang, and Bombardier appeared by its counsel Gayle Athanacio and Otto F. Becker.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES CCSF's motion, DENIES FMIC's motion, and GRANTS Bombardier's motion as follows for the reasons stated at the hearing.

**BACKGROUND**

In 1988, CCSF began installation of a light-rail train system ("the AirTrain System") at San Francisco International Airport ("the Airport").  CCSF contracted with Bombardier to

provide the cars and install the system.  Policy UR 495, which was effective September 1, 2001, to September 1, 2002, covered the Airport and its Master Plan Expansion Program against property damage, as well as extra expenses resulting from covered property damage.

On August 4, 2002, while the AirTrain System was being tested, two trains collided.  At least two, and possibly three, cars were damaged beyond repair.  There was also damage to the track and guideway, and to appurtenant structures.  Following the collision, CCSF submitted a claim to FMIC, its property damage insurance carrier.

The present action involves a dispute between CCSF and FMIC regarding coverage for "time element" losses.  CCSF alleges claims of breach of contract and breach of the implied covenant against FMIC, and also seeks a judicial declaration re coverage.

Also at issue is a dispute between CCSF and BT, regarding BT's liability for the collision, and regarding the amount CCSF owes BT for the replacement cars.  CCSF alleges breach of contract claims against BT, asserting that BT owes money for actual damages arising out of the collision, and for liquidated damages for delay in completing the project, and also seeks a judicial declaration re damages.

BT has filed counterclaims against CCSF, alleging breach of contract (failure to release performance bond, failure to pay cost of replacement vehicles, failure to procure insurance, failure to pay retention), as well as intentional and negligent misrepresentation.

## DISCUSSION

A.  Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id. The court may not weigh the evidence, and is required to view the evidence in the light most favorable to the nonmoving party.  Id.

2

B.  CCSF/FMIC's Cross-Motions for Partial Summary Judgment

CCSF and FMIC each seek partial summary judgment as to the third cause of action, which seeks a judicial declaration regarding coverage. Primarily, CCSF and FMIC dispute the extent of coverage for "time element" losses – that is, the amount FMIC is required to pay for the time required for CCSF and BT to achieve the same progress toward completion of the project that they had achieved prior to the collision.

CCSF argues that the covered loss includes the time required to investigate the collision, correct the protective systems, and re-achieve the previous progress in testing. CCSF's proof of loss asserts that it was not until January 30, 2003, that BT regained the level of progress achieved prior to the August 4, 2002, collision, and CCSF contends that it should be compensated for the entire period from August 4, 2002, to January 30, 2003.

CCSF seeks a judgment that under the stipulated facts presented with the cross-motions, the Policy obligated FMIC to pay the City for time-element losses that the City incurred in connection with its "AirTrain" system installation, during the period of time that, with reasonable diligence and dispatch, the City spent investigating the August 4, 2002, collision, correcting the protective systems, and retesting the corrected system to restore the system to the same level of testing that existed as of the date of the collision.

FMIC, on the other hand, contends that the Policy does not cover time lost during investigation, correction, and re-testing. FMIC calculated the period of restoration for "time element" loss purposes to be from August 4 to August 22, 2002, consisting of the time to make track repairs and repeat the nine days of testing previously completed. FMIC has paid CCSF for the cost of bus service and extended construction management fees for those 18 days of "time element" loss.

FMIC seeks a judgment that the Policy's Period of Liability includes the theoretical time it took to return the tracks and trains to the same or equivalent operating condition that existed prior to the property damage caused by the collision; that the Period of Liability does not include the time it took to investigate, install and test the changes made to the Automatic Train Control System after the collision; and that the Period of Liability does not

1 include delays due to any reason other than physical loss or damage insured by the policy.

2       The Policy insures CCSF's property against "all risks of physical loss or damage," with certain exclusions. The parties agree that the collision was caused by a software malfunction. The Policy excludes coverage for "faulty workmanship, material, construction or design from any cause," except that it does cover "physical damage (not otherwise excluded by the Policy) resulting from such faulty workmanship or design." The Policy also insures "time element loss . . . directly resulting from physical loss or damage of the type insured by the Policy."

      At the hearing, CCSF and FMIC conceded that they are seeking an advisory opinion regarding the coverage. What this determination involves, however, is a consideration of which specific portions of the delay in the completion of the project resulted from covered property damage, and were therefore covered loss, and which did not. Because the parties have provided an inadequate factual record regarding these specific delays, it is impossible for the court to make a determination as to this ultimate question.

      The court does offer the following observations: FMIC's explanation of how the Policy exclusions work is more persuasive than CCSF's argument that the Policy is ambiguous. In addition, CCSF seems to be taking the position that <u>any</u> delay caused by the collision is covered "time element" loss, but this position suggests a sort of "but-for" causation that is at odds with the Policy's provision for coverage of property damage caused by the collision, and of "time element" loss resulting from the "covered physical loss or damage."

      Thus, it appears to the court that FMIC has the better argument or position. Nevertheless, the parties have not presented sufficient evidence for the court to determine which specific elements of delay are covered and which are not. Thus, both motions must be denied.

C.    Bombardier's Motion for Partial Summary Judgment

      Bombardier seeks partial summary judgment as to the sixth cause of action. In that

claim CCSF seeks a judicial declaration that any amount that it may be required to pay BT for the replacement cost of the three cars and the cost of repairs to the trackway and appurtenances cannot exceed any amount that CCSF receives for those items under Policy UR 495, and that BT has no right to recover any additional amounts from CCSF in payment for those cars.

Bombardier argues that it is undisputable that CCSF was obligated under the AirTrain contract to procure insurance for BT's "benefit" which both named BT as an insured and limited the deductible to $10,000. BT asserts that it is also undisputable that CCSF breached its obligation, as the insurance policy it procured that was in place at the time of the accident (Policy UR 495) did not name Bombardier as an insured and had a deductible of $100,000.

Bombardier asserts that CCSF cannot unilaterally seek to limit BT's breach of contract damages to what CCSF believes is appropriate. BT claims that CCSF's allegation that it is entitled to a set-off against any claim by BT is unrelated to the allegations pled in the sixth cause of action, just as damages available to BT under its counterclaims are broader than what CCSF would have the court declare.

Bombardier contends that under California Civil Code § 3330, which provides that the measure of damages for breach of contract is "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom," BT cannot be limited to the recovery that CCSF recovers from FMIC.

Bombardier asserts further that CCSF is not entitled to the judicial declaration it seeks in the sixth cause of action. BT claims that declaratory relief is unavailable once a dispute matures into a suit for damages. BT contends that at a minimum, the sixth cause of action should be dismissed as moot.

As stated at the hearing, Bombardier's motion is GRANTED. The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes declaratory relief only in "cases of actual controversy." 28 U.S.C. § 2201. The party seeking declaratory relief must show the

5

existence of an actual controversy, regarding a matter within the court's jurisdiction. Moreover, the exercise of declaratory relief jurisdiction is not automatic or obligatory. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

At the time of the filing of the amended complaint, when CCSF added the three causes of action against Bombardier, BT had not formally asserted any claims against CCSF. However, under the present circumstances of this case, and given that BT has now alleged counterclaims against CCSF for breach of contract, the court finds that CCSF's attempt to obtain a judicial declaration – prior to trial – limiting the amount of damages that BT may recover, is improper. Any such pre-trial ruling on the amount of damages would foreclose BT from putting on evidence regarding damages. Thus, the court finds that the sixth cause of action must be dismissed.

## CONCLUSION

In accordance with the foregoing, and the court's discussion of the issues at the hearing, CCSF's motion is DENIED, FMIC's motion is DENIED, and Bombardier's motion is GRANTED.

**IT IS SO ORDERED.**

Dated:  December 8, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge