UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff,

    v.

FACTORY MUTUAL INSURANCE COMPANY, et al.,

    Defendants.

_____/

No. C 04-5307 PJH

**ORDER GRANTING MOTION FOR LEAVE TO AMEND THE ANSWER**

The motion of defendant Factory Mutual Insurance Company ("FMIC") to amend the answer and assert new counterclaims and cross-claims came on for hearing before this court on July 25, 2007. Plaintiff City and County of San Francisco ("CCSF") appeared by its counsel Timothy A. Colvig, defendant FMIC appeared by its counsel Joyce C. Wang and Randy W. Gimple, and defendant Bombardier Transportation (Holdings) USA, Inc. ("Bombardier") appeared by its counsel Gayle Athanacio. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby rules as follows and for the reasons stated at the hearing.

## BACKGROUND

This case involves a dispute over insurance coverage pursuant to a policy of insurance (Policy No. UR495) issued to CCSF by FMIC on October 16, 2001. The period of coverage was September 1, 2001, to September 1, 2002. CCSF filed a claim with FMIC following the August 2002 collision of two trains on the light-rail "people mover" ("the AirTrain System") being installed by Bombardier at the San Francisco International Airport.

The AirTrain is controlled by a computerized Automatic Train Controls ("ATC") system, which utilizes software to automatically provide a safe distance between trains to avoid collisions. On August 4, 2002, a moving train collided with a stopped train. Bombardier stated that the collision was caused by a simple software error. However, according to FMIC, CCSF subsequently determined that the cause of the accident was a "major defect" in the ATC software design.

At least two, and possibly three, train cars were damaged beyond repair. There was also damage to the track and guideway, and to appurtenant structures. Following the collision, CCSF submitted a claim to its property damage insurance carrier, FMIC. The physical damage to the track and guideway was repaired in nine days, and was fully paid by FMIC. Bombardier also provided replacement trains.

CCSF and FMIC dispute the insurance coverage for business interruption losses. On December 15, 2004, CCSF filed the present action, alleging claims of breach of contract and breach of the implied covenant against FMIC, and also seeking a judicial declaration regarding coverage. CCSF filed a first amended complaint ("FAC") on December 28, 2004, alleging the same causes of action against FMIC as in the original complaint.

On September 8, 2005, at the case management conference, CCSF and FMIC represented that the case involved primarily legal issues involving interpretation of the policy, which could easily be resolved on stipulated facts in cross-motions for summary judgment. Thus, a briefing schedule and a hearing date were set for early cross-motions for summary judgment.

However, it turned out that CCSF and Bombardier also disputed Bombardier's liability for the collision, and regarding the amount CCSF owes Bombardier for the replacement cars. On December 1, 2005, CCSF filed a second amended complaint ("SAC"), adding claims of breach of contract against Bombardier, asserting that Bombardier owes money for damages arising out of the collision, and also seeking liquidated damages for delay in completing the project. On December 5, 2005, the hearing date for the CCSF-

FMIC cross-motions for summary judgment was continued to March 15, 2006.

On January 25, 2006, Bombardier answered the SAC, and also asserted counterclaims against CCSF, alleging breach of contract (failure to release performance bond, failure to pay cost of replacement vehicles, failure to procure insurance, failure to pay retention), as well as intentional and negligent misrepresentation.

Two days later, on January 27, 2006, CCSF filed its motion for summary judgment on the claims asserted against FMIC, and FMIC filed a motion for partial summary judgment. On February 8, 2006, Bombardier filed a motion to sever the claims asserted against it from the claims asserted against FMIC. On February 17, 2006, CCSF filed a motion to dismiss the fourth and fifth counterclaims alleged by Bombardier.

At the hearing on March 15, 2006, counsel for Bombardier argued that if CCSF was claiming that the CCSF-FMIC contract somehow limited the amount Bombardier could receive for the replacement cars, then Bombardier should be permitted to oppose CCSF's motion for summary judgment. However, Bombardier also wanted to conduct discovery. Accordingly, the court denied the CCSF-FMIC cross-motions for summary judgment without prejudice to refiling them once the parties had engaged in limited discovery; and also denied Bombardier's motion to sever. On March 30, 2006, the court denied CCSF's motion to dismiss Bombardier's fourth and fifth counterclaims. On May 25, 2006, CCSF filed an answer to Bombardier's counterclaims.

After the parties had engaged in 90 days of limited discovery, CCSF and FMIC re-filed their motions for summary judgment, and Bombardier filed a motion for summary judgment on CCSF's sixth cause of action. On November 29, 2006, the court heard arguments on the cross-motions. The court denied both CCSF's motion and FMIC's motion, finding that neither side had presented sufficient evidence for the court to determine which specific elements of delay were covered under the policy and which were not.

The court granted Bombardier's motion for summary judgment on the sixth cause of action alleged by CCSF in the SAC. In that cause of action, CCSF sought a judicial

declaration that any amount it might be required to pay Bombardier for the replacement cost of the three cars and the cost of repairs to the trackway and appurtenances could not exceed any amount CCSF received for those items under the policy, and that Bombardier would have no right to recover additional amounts from CCSF in payment for those cars. The court found that CCSF's attempt to obtain a judicial declaration – prior to trial – limiting the amount of damages that Bombardier can recover, was improper because any such pre-trial ruling on the amount of damages would foreclose Bombardier from putting on evidence regarding damages.

FMIC now seeks leave to amend its answer to the SAC, to add affirmative defenses; and also seeks leave to assert counterclaims against CCSF, alleging fraud/concealment and breach of contract, and cross-claim against Bombardier, alleging negligence, gross negligence and statutory violations, and express indemnity. CCSF opposes the motion to amend to add the counterclaims, and Bombardier opposes the motion to amend to add the cross-claims. Neither objects to the addition of additional affirmative defenses.

**DISCUSSION**

A.  Legal Standards

Federal Rule of Civil Procedure 15 requires that once a certain period of time has elapsed or certain events have occurred, a party must obtain either consent of the defendant or leave of court to amend its pleading, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987).

Cross-claims are generally asserted as part of a defendant's answer. Fed. R. Civ. P. 7(a). Accordingly, the same standards that apply to amendment of answers under Rule 15 apply to amendments to add cross-claims against co-defendants. See Western/Scott

4

Felzer Co. v. Braden Partners, LP, 2006 WL 2263827, at *10 (N.D. Cal., Aug. 7, 2006).

Federal Rule of Civil Procedure 13 allows a late counterclaim when "justice so requires." Fed. R. Civ. P. 13(f). "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Id. In assessing what constitutes "excusable neglect," courts consider various factors, including the good faith of the claimant, the extent of the delay, and any danger of prejudice to the opposing party. See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 n.10 (1993). Another factor is the "futility of the proposed amendment." Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2007) § 8:281.

In general, courts presented with motions for leave to amend a pleading to add an omitted counterclaim generally adhere to the liberal amendment policy of Rule 15 in deciding whether to grant leave to amend. See Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda. 220 F.R.D. 614, 620 (C.D. Cal. 2003); see also Moore's Federal Practice (3d ed., 2006) § 13.43[1], [2].

B.  FMIC's Motion

FMIC contends that until recently, CCSF had concealed certain facts. FMIC asserts that had it known the "true facts" when it filed its answer, it would have asserted additional affirmative defenses, including breach of policy conditions, comparative bad faith, and fraud; would have alleged counterclaims for fraud, concealment, and breach of contract; and would have asserted cross-claims in subrogation against Bombardier for negligence, gross negligence, and statutory violations and indemnity.

FMIC asserts that in view of CCSF's misrepresentation and concealment of critical facts, any delay on FMIC's part asserting these defenses and claims is justifiable. FMIC also argues that because discovery remains at an early stage, and CCSF is already suing Bombardier at least in part for causing the accident, neither CCSF nor Bombardier would be prejudiced by allowing Bombardier to file its amended answer, counterclaims, and cross-claims.

In opposition, CCSF argues that the proposed counterclaims are all subject to dismissal, and that leave to amend should therefore be denied on grounds of futility. CCSF asserts that the claims for fraud and punitive damages are barred under Government Code § 818.8; that FMIC has waived its proposed claim for subrogation against Bombardier; and that FMIC is improperly seeking to claim subrogation against its own insured, because Bombardier is an intended beneficiary under the policy.

Bombardier also opposes the motion, arguing that the proposed cross-claims are without merit as a matter of law, because none of the claims FMIC seeks to assert against Bombardier would conceivably be valid had CCSF not breached its contractual obligation by (among other things) failing to ensure that Bombardier was a named insured under the FMIC policy, and because FMIC is improperly seeking to invalidate the subrogation waivers in the AirTrain contract and the FMIC policy. Bombardier also contends that allowing FMIC to amend to assert the cross-claims will unduly prejudice Bombardier.

The court finds that the motion must be GRANTED, with the exception of the proposed claim for punitive damages, which FMIC has conceded is barred. With regard to the motion to amend to add counterclaims, CCSF's primary objection is that the amendment would be futile because the proposed counterclaims do not state a claim. The court is unwilling to deny the motion on that basis, and finds that any such dispute would be better addressed in a motion to dismiss pursuant to Rule 12(b)(6).

With regard to the motion to add cross-claims, Bombardier's primary objections are that the amendment would be futile because FMIC is attempting to recover from Bombardier for losses that it would not have been able to seek if CCSF had not failed to name Bombardier as an additional insured, and that it would be prejudiced by having to defend against the new claims within the time limits of the present pretrial schedule. As with CCSF's futility argument, the court finds (to the extent that no factual dispute is raised) that any such argument would be better addressed in a Rule 12(b)(6) motion. With regard to the pretrial schedule, the court has already indicated that it is amenable to modifying the pretrial deadlines. To that end, the parties are directed to meet and confer and submit a

stipulated request to the court within two weeks of the date of this order, proposing new dates.

## CONCLUSION

In accordance with the foregoing, FMIC's motion to amend the answer is GRANTED.

**IT IS SO ORDERED.**

Dated: October 3, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge