UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO,

    Plaintiff,

    v.

FACTORY MUTUAL INSURANCE COMPANY, et al.,

    Defendants.
_____

AND RELATED COUNTERCLAIMS AND CROSS-CLAIM
_____/

No. C 04-5307 PJH

**ORDER RE MOTIONS TO DISMISS CROSS-CLAIM AND COUNTERCLAIM**

    Plaintiff and counter-defendant City and County of San Francisco's motion to dismiss defendant, counterclaimant and cross-claimant Factory Mutual Insurance Company's counterclaim; CCSF's motion to dismiss FMIC's cross-claim; and defendant, counterclaimant, and cross-claimant Bombardier Transportation (Holdings) U.S.A., Inc.'s motion to dismiss FMIC's cross-claim came on for hearing before this court on December 12, 2007. CCSF appeared by its counsel Timothy A. Colvig, FMIC appeared by its counsel Joyce C. Wang and Randy W. Gimple, and Bombardier appeared by its counsel Gayle M. Athanacio. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

    1.    CCSF's motion to dismiss FMIC's counterclaim is GRANTED in part and DENIED in part. The motion to dismiss the first cause of action for fraud and concealment is GRANTED, because CCSF is immune from liability for claims of misrepresentation. Cal.

Gov't Code § 818.8; see also Warner Constr. Corp. v. City of Los Angeles, 2 Cal. 3d 285, 293-94 (1970) (and cases cited therein). The motion to dismiss the second cause of action for breach of contract is GRANTED with regard to the allegation that CCSF breached its contractual duty by attempting to prevent FMIC from bringing a claim in subrogation against Bombardier, because FMIC is barred from bringing a claim in subrogation against Bombardier. The motion to dismiss the second cause of action for breach of contract is DENIED with regard to the allegation that CCSF breached its duty under the policy to not conceal or misrepresent material facts. See Cal. Gov't Code § 814; see also Warner Constr., 2 Cal. 3d at 293-94. The motion to strike the prayer for attorney's fees is GRANTED.

2. CCSF's motion to dismiss FMIC's cross-claim against Bombardier is DENIED, as CCSF is not the party against whom the cross-claim is asserted.

3. Bombardier's motion to dismiss FMIC's cross-claim is GRANTED, based on the express waiver of subrogation clauses in Airport Contract No. 5703-A and FMIC Insurance Policy No. UR495. See, e.g., Davlar v. Superior Court, 53 Cal. App. 4th 1121, 1124-25 (1997). The court is not persuaded by FMIC's argument that enforcement of the subrogation waivers is barred by the operation of California Civil Code § 1668 or the public policy exception articulated in Tunkl v. Regents of Univ. of Calif., 60 Cal. 2d 92, 98-101 (1963). All California authority of which the court is aware applies the public policy exception to exculpatory releases, not to subrogation waivers in construction contracts.

**IT IS SO ORDERED.**

Dated: December 17, 2007

PHYLLIS J. HAMILTON
United States District Judge